J-S50017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN J. CLOUGHERTY, II, | : | |
| | : | |
| Appellant | : | No. 1928 WDA 2013 |

Appeal from the PCRA Order Entered September 30, 2013,
In the Court of Common Pleas of Westmoreland County,
Criminal Division, at Nos. CP-65-CR-0001154-2004,
CP-65-CR-0001155-2004,  CP-65-CR-0001156-2004,
CP-65-CR-0001157-2004, CP-65-CR-0001158-2004,
CP-65-CR-0001159-2004, CP-65-CR-0001160-2044,
CP-65-CR-0001161-2004, CP-65-CR-0001162-2004,
CP-65-CR-0001163-2004, CP-65-CR-0001164-2004,
CP-65-CR-0001165-2004, CP-65-CR-0001166-2004,
CP-65-CR-0001167-2004,  CP-65-CR-0001168-2004,
CP-65-CR-0003155-2003, CP-65-CR-0003156-2003,
CP-65-CR-0003837-2002, CP-65-CR-0004385-2003,
CP-65-CR-0004386-2003, CP-65-CR-0004387-2003,
CP-65-CR-0004388-2003, CP-65-CR-0004389-2003,
CP-65-CR-0004390-2003, CP-65-CR-0004391-2003,
CP-65-CR-0004392-2003, CP-65-CR-0004393-2003,
and CP-65-CR-0004394-2003.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED OCTOBER 06, 2014**

Appellant, John J. Clougherty, II, appeals *pro se* from the order entered on September 30, 2013, denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The record reveals that the charges at the trial court docket numbers listed above were consolidated, and on March 14, 2005, Appellant entered a negotiated guilty plea.[1] The trial court sentenced Appellant that same day to an aggregate term of fifteen to thirty-five years of incarceration. No direct appeal was filed. Appellant filed a timely first PCRA petition on December 14, 2005. The PCRA court appointed counsel, and counsel subsequently filed a no-merit letter and a motion to withdraw. On August 14, 2006, the PCRA court permitted counsel to withdraw and dismissed Appellant's PCRA petition. After PCRA counsel was permitted to withdraw, Appellant filed a *pro se* appeal to this Court, but the appeal was dismissed on May 9, 2007, for failure to file a brief. Nearly six years later, on May 1, 2013, Appellant filed the instant PCRA petition, his second. In an abundance of caution, the PCRA court again appointed counsel. *See Commonwealth v. Kubis*, 808 A.2d 196, 200 (Pa. Super. 2002) (stating that, ordinarily, the right to counsel does not attach with second or subsequent petitions filed pursuant to the PCRA). On September 26, 2013, counsel filed a no-merit letter and a motion to withdraw. In an order filed on September 30, 2013, which is the order on appeal in the instant case, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition. This appeal followed.

---

[1] The numerous charges stemmed from multiple crimes committed throughout 2003 and 2004 involving, *inter alia*, robbery, theft, receiving stolen property, selling a controlled substance, intimidating a witness, and arson. N.T., Guilty Plea Hearing, 3/14/05, at 25-35.

On appeal, Appellant presents six issues for this Court's consideration:

I. Did the PCRA Court abuse its discretion where it dismissed Appellant's Post Conviction Relief Act (PCRA) petition as having "no merit" when it failed to hold evidentiary hearing on Appellant's newly discovered evidence claim of illegality of sentence?

II. Did the PCRA Court err when it dismissed Appellant's PCRA petition without hearing as to Appellant's claim that trial court abused its discretion where it failed to acknowledge mitigating factors as well as aggravating factors in considering an appropriate sentence?

III. Did the PCRA Court err when it dismissed Appellant's PCRA petition without hearing as to Appellant's claim of ineffective assistance of counsel in light of Hill v. Lockhart, 474 U.S. 52, which established that a two-part test governs ineffective assistance claims in the plea bargain context found in Strickland v. Washington, 466 U.S. 668 and where Appellant claimed his Sixth Amendment right was violated due to prejudice?

IV. Did the PCRA Court err when it relied on PCRA counsel's "no merit" letter when it dismissed Appellant's PCRA petition without hearing as to Appellant's claim of ineffectiveness of trial counsel for refusing to file Motion To Withdraw Guilty Plea in violation of U.S.C.A. Const. Amend. 6 and that trial counsel's particular path had no reasonable basis to effectuate Appellant's interest and severely prejudiced him?

V. Did the PCRA Court err when it relied on PCRA counsel's "no merit" letter dismissing Appellant's PCRA petition without hearing as to Appellant's claim that trial counsel ignored and abandoned his duties when requested to file a direct appeal from the judgment of sentence?

VI. Did the PCRA Court err when it relied on PCRA counsel's "no merit" letter when it dismissed Appellant's PCRA petition where PCRA counsel's "no merit" letter was legally insufficient and should not have been accepted where PCRA counsel did not list each issue Appellant wanted the PCRA court to review?

Appellant's Brief at 4-6. As a jurisdictional issue, we must first address whether the underlying PCRA petition was filed in a timely manner.

It is well settled that the timeliness of a PCRA petition is a jurisdictional threshold, and it may not be disregarded in order to reach the merits of the claims raised in a PCRA petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), are met.[2] A petition invoking one of these exceptions must be filed

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

-4-

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on April 15, 2005, thirty days after the trial court imposed sentence and time expired for Appellant to file a direct appeal with this Court. Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant's instant PCRA petition, which was filed on May 1, 2013, is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

---

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

In Appellant's statement of questions presented, issue II presents a challenge to the discretionary aspects of his sentence, and Appellant's issues III through VI present claims of ineffective assistance of counsel. Nowhere in issues II through VI does Appellant assert, much less prove, that any of the exceptions to the PCRA time bar applies. Only issue I contains a claim that, if proven, could satisfy an exception to the PCRA time bar, specifically, after discovered evidence. *See* 42 Pa.C.S. § 9545(b)(1)(ii).

In his first issue, Appellant alleges that "in 2013," he discovered that his minimum sentence was six months longer than he thought it should be and that there were fines imposed of which he was not aware. Appellant's Brief at 9, 12. He claims that this "change" in his sentence resulted in an illegal sentence. *Id*. at 12.

While a claim of after discovered evidence can serve as an exception to the PCRA time bar, Appellant's assertion falls short. As noted above, any claim of after discovered evidence must be raised within sixty days of learning of this new evidence. 42 Pa.C.S. § 9545(b)(2). Here, Appellant merely states that he learned of this after discovered evidence sometime in 2013, but he did not file his petition until March 25, 2013. Thus, we have no way of knowing if this issue was raised within sixty days, and Appellant has provided no proof or cited to anything in the record that would substantiate his allegation. Moreover, after discovered evidence is evidence that was

unknown to the petitioner that could not be ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). In the case at bar, Appellant was free at any point to review the court record and inquire of the Department of Corrections regarding his minimum sentence. There is no evidence that Appellant acted with any diligence in this matter. Additionally, and more importantly, Appellant merely presents a bald claim that his sentence and fines were altered. Aside from his unsubstantiated accusation, Appellant provides no proof and fails to point to anything in the record that would establish his allegation that his minimum sentence and fines were altered and constitute after discovered evidence. Such a bald assertion falls short of proving an exception to the PCRA's timing requirements. ***Carr***, 768 A.2d at 1167.

For these reasons, we conclude that Appellant has failed to prove that any of the exceptions to the PCRA time bar are applicable in the instant case. Therefore, we conclude that Appellant's PCRA petition was untimely, and because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002)

(holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014